**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARQUETT YOUNGBLOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: CIV-14-1396-M |
| | ) |
| FOREST LUMBER COMPANY | ) |
| GROUP, LLC d/b/a FOREST | ) |
| LUMBER COMPANY, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, Plaintiff Marquett Youngblood, by and through counsel, Brice W. Bisel, OBA #30986, Raymond E. Tompkins, OBA #9058, and Katherine R. Mazaheri, OBA #21746, and hereby complains against the Defendant Forest Lumber Company Group, LLC d/b/a Forest Lumber Company as follows:

### NATURE OF THE CASE

1. Plaintiff alleges claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. *seq* ("Title VII") for discrimination based upon his race that resulted in discriminatory treatment, a hostile work environment, and ultimately wrongful termination. Plaintiff also alleges illegal retaliation in violation of Title VII. Plaintiff also brings state law causes of action for wrongful termination based upon his race in violation of the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. §1101 *et. seq*. Plaintiff also alleges a claim of illegal

1

retaliation in violation of the OADA. Finally, Plaintiff alleges a claim pursuant to 42 U.S.C. §1981 for illegal discrimination and wrongful termination based upon his race.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343. Plaintiff also brings pendant state law claims under 25 O.S. §1101 *et. seq*. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

3. Venue in this district is proper pursuant to 28 U.S.C. §§1391 (b) and (c), because Defendant operates in this district and the unlawful conduct giving rise to the claims occurred in this district.

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§2201 and 2202, and 42 U.S.C. §2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. §1981a.

5. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. §2000e-5, Fed. R. Civ. P. 54, and 25 O.S. §1350(h).

6. This action properly lies in the District Court for the Western District of Oklahoma, pursuant to 28 U.S.C. §1391(b) because the claims arose in this district, and pursuant to 42 U.S.C. §2000e-(f)(3) because the unlawful employment practices arose in this district.

# PARTIES

7. Plaintiff, Marquett Youngblood, is an individual citizen and resident of the United States and the State of Oklahoma. At all times relevant herein, Plaintiff was a resident of the State of Oklahoma.

8. Plaintiff is a former employee of Defendant Forest Lumber Company Group, LLC d/b/a Forest Lumber Company.

9. Defendant is a domestic for-profit limited liability company registered with the Oklahoma Secretary of State.

# CONDITIONS PRECEDENT

10. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Human Rights Commission/Oklahoma Attorney General's Office of Civil Rights Enforcement in early 2014. The EEOC issued charge number 564-2014-00745.

11. On September 22, 2014, the EEOC issued a Notice of Right to Suit for Plaintiff's charge of discrimination.

12. Plaintiff's attorneys received such notice on or about September 23, 2014.

13. This lawsuit is filed within ninety (90) days of the receipt of Plaintiff's right to suit letters.

14. Plaintiff has exhausted all administrative remedies under state and federal law.

# GENERAL ALLEGATIONS

15. Plaintiff began his employment with Defendant as a recruiter in August 2012.

16. In late October 2012 Plaintiff received a promotion to the position of human resources manager.

17. Throughout his employment, Plaintiff reported directly to Christine Petty.

18. Throughout his employment, Plaintiff frequently noticed that African American employees, such as himself, were treated differently than Caucasian employees of Defendant.

19. Christine Petty frequently allowed a Caucasian employee Catherine Jones to make mistakes within the company and fail to adequately perform her job duties without subjecting her to disciplinary action(s).

20. In February 2013, Plaintiff had to leave work due to illness, yet he still performed his hours of work from home. Upon returning to work, Plaintiff was informed that he would have to use vacation for the days that he worked from home while sick. Upon pointing out that his Caucasian co-workers were allowed to work from home while sick without using vacation time, Plaintiff was not forced to use his vacation hours.

21. In the summer of 2013, Plaintiff noticed that the same Caucasian co-worker was allowed to award herself leave time well above and beyond what her part-time position accumulated. Plaintiff expressed his concerns of disparate treatment to Christine Petty. To his knowledge, Ms. Petty never addressed this issue.

22. During the summer of 2013, Christine Petty granted Plaintiff's request for vacation time to spend with his family and told him to enter it into the system. Such approval occurred through email.

23. Throughout the fall and winter of 2013 Plaintiff began noticing additional instances of disparate treatment between Caucasian and African-American employees. These instances included:

    a. An instance where a Caucasian male was not disciplined for leaving work for half a day while remaining clocked in, leaving the showroom floor short-staffed yet Christine Petty suspended and attempted to terminate an African-American female in a similar position for forgetting to clock out during her hour long lunch. Plaintiff protested such termination to Christine Petty who expressed her wish to terminate the African-American employee. Ultimately, the African-American employee received a three day suspension without pay;

    b. An African-American male in the accounting department was terminated by Christine Petty for attendance issues while a Caucasian female who had habitual tardiness and absentee issues received no discipline. Plaintiff protested this treatment to Christine Petty. Upon such complaint, Ms. Petty became very defensive and angry towards Plaintiff;

    c. Plaintiff noticed an instance where an unqualified Caucasian female employee was hired at a rate of pay substantially exceeding the pay of an African-American female employee in a similar position. Plaintiff complained to Christine Petty regarding such pay differences;

    d. In multiple other instances Caucasian employees were allowed by Ms. Petty to violate company policies without discipline while African-

> American employees received disciplinary action for lesser violations of company policies;
>
> e. Caucasian employees committed violations of company policy such as engaging in sexual harassment, violating drug/alcohol policies and committing numerous other unethical actions, yet Christine Petty failed to take disciplinary action against them.

24. Plaintiff complained of all of these actions of disparate treatment to Christine Petty. Ms. Petty became openly hostile towards Plaintiff after he made complaints to her. In many of these instances, Plaintiff believes that Ms. Petty performed little to no investigation concerning his complaints.

25. Christine Petty repeatedly overruled Plaintiff's decisions concerning employee discipline and frequently forced him to levy little to no discipline on Caucasian employees.

26. Throughout his employment, Plaintiff received substantially lower bonuses than similarly situated Caucasian employees.

27. On January 27, 2014, Plaintiff complained to Christine Petty regarding salary and bonus discrepancies between him and Caucasian employees.

28. On January 29, 2014, Christine Petty terminated Plaintiff for allegedly using unapproved vacation time and allegedly manipulating his hire date in the system.

29. Plaintiff did not use unapproved vacation time, as Christine Petty personally approved the vacation time awarded to and used by him.

30. Plaintiff also did not change his hire date to manipulate the system. He made such change at Paycom's request solely to determine how to pro-rate vacation times for all employees. Such change did not in any way affect his eligibility for enrollment in Defendant's 401(k) program.

31. No reasons have been given for Defendant's illegal conduct.

32. Adverse actions taken against Plaintiff were motivated by one or more of the following impermissible factors: Plaintiff's race and/or in retaliation for his internal complaints, all in clear violation of Title VII, 42 U.S.C. §2000e *et. seq*.

33. As a result of Defendant's actions, Plaintiff has sustained the following damages/injuries: loss of employment, loss of wages, loss of seniority, loss of career path and opportunity, loss of fringe benefits and other compensation. Plaintiff has also suffered consequential and compensatory damages including, but not limited to: those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

34. As a result of Defendant's actions, Plaintiff has been damages well in excess of $10,000.00.

35. Add adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, and/or with reckless disregard for the legal rights of Plaintiff.

### COUNT ONE
### ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000E-1 *et seq*.

36. Plaintiff reasserts and incorporates by reference paragraphs 1-35 as set forth above as if fully restated herein.

37. At all times while employed with Defendants, Plaintiff was qualified for the position he held and had been performing satisfactorily.

38. Defendant's willful and malicious conduct as described above is in clear violation of Title VII of the Civil Rights Act of 1964.

39. Plaintiff's race, African-American, was a motivating factor in Defendant's adverse employment actions as described above. Defendant violated Plaintiff's rights under Title VII by taking such adverse actions.

40. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraphs 33-35.

41. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under Title VII, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

42. Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT II
### ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF 42 U.S.C. §1981

43. Plaintiff reasserts and incorporates by reference paragraphs 1-42 as set forth above as if fully restated herein.

44. Plaintiff is an African-American male protected from racial discrimination by 42 U.S.C. §1981.

45. Plaintiff received disparate and hostile treatment compared to other similarly situated, non-minority employees, as described previously.

46. Any reason(s) given for the adverse actions taken against Plaintiff is pretextual in nature.

47. The discrimination against Plaintiff altered the terms, conditions, and/or privileges of his employment.

48. Defendant did nothing to attempt to remedy the wrong(s) suffered by Plaintiff.

49. Defendant's acts and omissions violated Plaintiff's rights secured by 42 U.S.C. §1981.

50. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraphs 33-35.

51. Plaintiff is entitled to and seeks all legal and equitable remedies available to a prevailing plaintiff under 42 U.S.C. §1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

## COUNT III
### ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT, 25 O.S. §1101 *et seq*.

52. Plaintiff reasserts and incorporates by reference paragraphs 1-51 as set forth above as if fully restated herein.

53. At all times while employed with Defendant, Plaintiff was qualified for the position he held and had been performing satisfactorily.

54. Defendant's willful and malicious conduct as described above is in clear violation of OADA.

55. Plaintiff's race, African-American, was a motivating factor in Defendant's adverse employment actions as described above. Defendant violated Plaintiff's rights under the OADA by taking such adverse actions.

56. As a result of Defendant's illegal conduct, Plaintiff has suffered the damages described in paragraphs 33-35.

57. Plaintiff is entitled to and seeks all legal and equitable remedies provided to a prevailing Plaintiff under OADA, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

58. Plaintiff is also entitled, under 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT IV
**ILLEGAL RETALIATION FOR PROTECTED ACTIVITY IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e et seq., the OADA, 25 O.S. §1101 *et seq*., and 42 U.S.C. §1981**

59. Plaintiff reasserts and incorporates by reference paragraphs 1-58 as set forth above as if fully restated herein.

60. 42 U.S.C. §2000e-3(a) makes it illegal to retaliate against an "individual [who] has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

61. 25 O.S. §1601 also prohibits such retaliatory conduct.

62. 42 U.S.C. §1981 also encompasses anti-retaliation measures resulting from post-formation activities.

63. Plaintiff clearly opposed the illegal harassment, discrimination, and retaliation when he complained to his supervisor on multiple occasions.

64. Such opposition and participation is clearly protected activity as defined by Title VII, the OADA, and 42 U.S.C. §1981.

65. The actions taken against Plaintiff following his protected activity in opposition to Defendant's illegal conduct, including, but not limited to: continued harassment, unjustified discipline, hostile treatment, differential treatment, and ultimately his termination are all retaliatory actions designed to prevent him from exercising his rights under Title VII, the OADA, and 42 U.S.C. §1981.

66. Such conduct is clearly in violation of Title VII, the OADA, and 42 U.S.C. §1981 which all contain provisions prohibiting such conduct.

67. As a result of Defendant's retaliatory conduct, Plaintiff has suffered the losses and damages described in paragraphs 33-35 above.

68. Plaintiff is entitled to and seeks all legal and equitable remedies available to a prevailing Plaintiff under Title VII, the OADA, and 42 U.S.C. §1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any and all appropriate declaratory and injunctive relief.

69. Plaintiff is also entitled, under 42 U.S.C. §2000e-5(k) and 25 O.S. §1350(H), to recover attorney fees and costs incurred in pursuing this claim.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court grant to Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in amounts to be determined at trial;

c. Punitive damages, in amounts to be determined at trial;

d. Compensatory and consequential damages, in amounts to be determined at trial;

e. Injunctive and/or declaratory relief;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorneys' fees and costs of this action, including any expert witness fees, as appropriate;

h. That Defendants be enjoined and restrained from engaging in further discriminatory and retaliatory conduct; and

i. Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

Dated: <u>12/18/2014</u>

                      Respectfully Submitted,

                      <u>s/Brice W. Bisel</u>
                      Brice W. Bisel, OBA #30986
                      Raymond E. Tompkins, OBA #9058
                      Katherine R. Mazaheri, OBA #21746
                      Mazaheri Law Firm, PLLC
                      3445 W. Memorial Rd., Ste. H
                      Oklahoma City, OK 73134
                      Telephone: (405)414-2222
                      Facsimile: (405)607-4358
                      brice@mazaherilaw.com
                      ray@mazaherilaw.com
                      katherine@mazaherilaw.com
                      *Attorneys for Plaintiff*

**ATTORNEY'S LIEN CLAIMED**